UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.: 11-CV-5438-LHK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| ACUPARO CASTILLO CEBALLOS, INDIVIDUALLY and d/b/a MARISCOS VALLARTA, | |
| Defendant. | |

On February 16, 2012, the Clerk of the Court entered default against Defendant Acuparo Castillo Ceballos, doing business as Mariscos Vallarta, after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. ECF No. 17. Before the Court is Plaintiff J & J Sports Productions, Inc.'s application for default judgment. ECF No. 18. Defendant, not having appeared in this action to date, has not filed an opposition. Having read and considered Plaintiff's application, the Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court GRANTS Plaintiff's application for default judgment. The hearing and case management conference set for September 13, 2012 are VACATED.

**I. DISCUSSION**

1

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the closed-circuit program *"Tactical Warefare": Manny Pacquiao v. Antonion Margarito, WBV Light Middleweight Championship Fight Program* (the "Program"), originally broadcast nationwide on Saturday, November 13, 2010. *See* Compl. ¶ 9. Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendant, at Defendant's commercial establishment located in San Jose, California. *Id*. at ¶ 12. On November 9, 2011, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as violations of California law against conversion and California Business and Professions Code §17200. In the pending motion for default judgment, however, Plaintiff only seeks damages under §605 and for conversion.

Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. §605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. §605(e)(3)(C)(ii). With respect to its conversion claim, Plaintiff seeks $4200.00, the amount Defendant would have been required to pay had he ordered the Program from Plaintiff. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in this district), the Court shall proceed to review Plaintiff's motion for default judgment.

A.  **Damages under § 605**

1.  **Statutory Damages under Section 605(e)(3)(c)(i)(II)**

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $4,200.00, based on the restaurant's 200-person capacity. *See* Pl.'s Aff. in

Supp. of Pl.'s Appl. for Default Judgment ¶ 8 & Ex. 1.  Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that three separate head counts, at various times, revealed that the total number of patrons was 135, 130, and 127, and that there was no cover charge.  *See* Decl. of Affiant, attached to Appl. for Default Judgment.  As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license.  Accordingly, the Court finds that Plaintiff is entitled to $4,200.00 in statutory damages.

### 2. Enhanced Damages under Section 605(e)(3)(C)(ii)

Enhanced damages of up to $100,000.00 are available when the violation was committed willfully and for the purpose of commercial advantage or private financial gain.  *See* 47 U.S.C. §605(e)(3)(C)(ii).  In this case, there is no evidence that Defendant advertised the fight, charged a cover charge, or had a minimum purchase requirement.  According to Plaintiff's investigator, Defendant had six flat-screen televisions displaying the Program.  *See* Decl. of Affiant at 2.  Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus "Defendant must have undertaken specific wrongful actions to intercept and/or receive and broadcast the encrypted telecast."  Pl.'s Appl. for Default Judgment at 2, 9.  The affidavit of Joseph M. Gagliardi, President of J & J Sports Productions, Inc., further describes the wrongful acts required to unlawfully intercept the encrypted broadcast.  *See* Pl.'s Aff. in Supp. of Pl.'s Appl. for Default Judgment ¶ 9.  These facts, taken together with the uncontroverted pleadings, do suggest that Defendant acted willfully for commercial advantage and private financial gain.

The $100,000.00 maximum damages available, however, are not warranted under these circumstances.  Courts in the Northern District of California have found relatively modest enhancements proper when the case involved a limited number of patrons but the establishment charged a cover charge.  *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS 71116, at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000.00 in statutory damages and $5,000.00 in enhanced damages when 40 patrons were present and a $10.00 cover charge was imposed).  Here, there was no cover charge, but the number of patrons was more significant.  There were, at height, 135 patrons present, and the Program was shown on six

televisions.  Under these circumstances, the Court views $5,000.00 as a reasonable enhancement.  Accordingly, the Court finds Plaintiff entitled to $5,000.00 in enhanced damages.

### B.     Damages for Conversion

Plaintiff also seeks $4,200.00 in damages for conversion under California Civil Code §3336.  The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages.  *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992).  Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to entitle Plaintiff to damages.  Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful interception, and damages.  *See* Compl. ¶¶ 23-26.  Damages for conversion are based on the value of the property at the time of conversion.  *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941).  Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $4,200.00, based on Defendant's 200-person establishment capacity.  *See* Pl.'s Aff. in Supp. of Pl.'s Appl. for Default Judgment ¶ 8 & Ex. 1.  Thus, Plaintiff's request is appropriate.  Accordingly, Plaintiff is entitled to $4200.00 in damages for conversion.

## II. ORDER

For the reasons detailed above, Plaintiff's application for default judgment is GRANTED.  Judgment shall be entered in favor of Plaintiff J & J Sports Productions, Inc. and against Defendant Acuparo Castillo Ceballos, doing business as Mariscos Vallarta, in the amount of $13,400.00 in total damages.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 12, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge